## BIRD ARIAS v. SOCIETE ANONYME DES SUCRERIES DE SAINT JEAN.
## CASAL VALDES v. SAME.
### No. 2633.

Circuit Court of Appeals, First Circuit.
Dec. 17, 1932.

O. B. Frazer, of New York City, for appellants.

Henry G. Molina, of San Juan, Puerto Rico, for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This case is before this court on appeal by each of the above-named defendants from a decree of the United States District Court in Puerto Rico, ordering the defendant, Jorge Bird Arias, to convey or confirm a right of way over certain lands in Puerto Rico described in the plaintiff's complaint, and ordering the defendant Casal Valdes to pay damages for failure to confirm said right of way as to an undivided fractional part of the designated land.

The plaintiff for many years prior to the commencement of this action was the owner of certain sugar plantations in Puerto Rico and operated on one of its properties a central, or sugar factory, known as Central Santa Juana, for grinding the cane grown on its own plantations, and brought or transported to its central from the several colonos in the vicinity.

To facilitate the transportation of the cane and other materials for the operation of its factory, it had in 1906 acquired by a private agreement with the then owner or owners the right to build a railroad over certain lands, one of which, the farm, known as Carolina, was in 1921 owned in common by the widow and heirs of Ulpiano Valdes Pena, hereinafter referred to as the "Sucesion Valdes," and a widow of one of the heirs, viz., Dona Asuncion Lopez Cruz. The prior agreement as to the right of way over said land expired in December, 1921. Some time prior thereto negotiations were begun with the widow and heirs of Ulpiano Valdes Pena, who believed themselves to be the sole owners, to extend the duration of the right of way for another twenty-five years.

On October 4, 1922, after a year's negotiations through the defendant Casal, acting for the Sucesion Valdes, in which certain claims for damages were adjusted, there appeared before a notary in Puerto Rico the several adult members of the Sucesion Valdes and the representatives of those who were minors, who joined in a deed or public document, granting a right of way to the plaintiff over the farm, described as Carolina, for twenty-five years for the purposes set forth above.

When the deed was presented for record at the Registry of Property in January, 1924, the registrar, under the Mortgage Law of Puerto Rico, refused to record the instrument, on the grounds that there was an outstanding interest in the name of the father of the defendant Casal, and the protocolization of the property of Ulpiano Valdes Pena had not been recorded. After much delay and expense to the plaintiff, these defects were cured; but on further presentation of the deed for record in 1926, it was then discovered, by reason of the recording in the meantime of the protocolization of the property of the deceased Ulpiano Valdes Pena, that there was omitted from the conveyance a fractional interest of $\frac{1}{196}$ which had passed by will of a deceased son of Ulpiano Valdes Pena to his wife, said Dona Asuncion Lopez Cruz, who had not joined in the deed, and the inscription of the deed was again refused by the registrar.

The plaintiff, through its attorney, upon learning of this omission, notified the defendant Casal, who agreed to undertake to secure a confirmation of the right of way from Dona Asuncion.

In September, 1927, the plaintiff sold its sugar plantations and the Central Santa Juana to the United Porto Rico Sugar Company for the sum of $1,000,000, conditioned upon the plaintiff furnishing a recordable deed. By reason of the registrar's refusal to record the deed of the right of way, and Casal not having yet obtained a confirmation or deed of the right of way from Dona Asuncion, the United Porto Rico Sugar Company refused to pay over the purchase price, but finally agreed that it would retain $12,500 until the plaintiff should be able to record a deed of the right of way over the farm, Carolina.

Casal, who was not on friendly terms with the local representative of the United Porto Rico Sugar Company, upon learning of the transfer, and apparently apprehensive lest the United Porto Rico Sugar Company should acquire Dona Asuncion's fractional interest, in December, 1927, through an attorney, prevailed on Dona Asuncion to convey to him (Casal) her entire interest in the fractional part held by her, and in January, 1928, obtained a deed of her fractional share for the purpose, as he claims, of confirming the right of way as to her share.

Upon learning that Casal had acquired a deed of the share of Dona Asuncion, the attorney for the plaintiff prepared a deed confirming the right of way over the farm, Carolina, as to the share formerly held by Dona Asuncion, and some time in February, 1928, sent it to the defendant Casal for his signature. This deed Casal refused to sign; and on March 5, 1928, having heard that the

plaintiff was contemplating attacking the deed from Dona Asuncion on the ground of fraud, Casal conveyed the property acquired of Dona Asuncion to the defendant, Jorge Bird Arias. Bird Arias afterward obtained from Dona Asuncion and her husband a new deed of her share for the purpose of curing certain alleged defects in her deed to Casal.

Bird Arias, in his testimony during the trial below, stated that he took the deed from Casal with the understanding, though it was not stipulated in the deed, that he was to execute a confirmation of the right of way granted by the deed of October 4, 1922.

The following appears in the testimony of the defendant Bird Arias: "What he (meaning Casal) told me was that he was bound to give you (referring to counsel for the plaintiff) the right of way, and he had no objection, and in fact he said I should."

Again: "He (meaning Casal) did tell me that there was some agreement and that he was willing, and he sold it to me with the condition that I would turn over to you the right of way."

Upon learning that Bird Arias had acquired the interest of Dona Asuncion, counsel for the plaintiff then took up friendly negotiations with him, either for a conveyance of the entire 1/196 share to the plaintiff, or a confirmation of the right of way.

The result was a series of misunderstandings as to what agreement they arrived at: Whether for a sum certain to convey the entire interest acquired of Dona Asuncion, or only to confirm the right of way. It appears, however, that owing to certain demands insisted upon by Casal, and a demand by counsel for the plaintiff that Bird Arias procure certain documents which would permit the recording of the deed from Dona Asuncion, the negotiations between Bird Arias and the plaintiff failed of fruition.

On March 3, 1928, before it had learned of the actual conveyance by Casal to Bird Arias, the plaintiff brought this bill of complaint against Casal and all the other cograntors in the deed of October 4, 1922, for the purpose of preventing such conveyance and to compel Casal to confirm the right of way as to the share of Dona Asuncion.

Failing to obtain a deed from Bird Arias, owing to the stipulations insisted upon by Casal, and the refusal of Bird Arias to take the necessary steps to render his deed and that of Dona Asuncion recordable, the plaintiff in February, 1929, amended its bill and joined Bird Arias as a defendant, and added a prayer that he be compelled to make a conveyance of the right of way as to the share acquired from Dona Asuncion.

The District Court found that in the negotiations leading up to the deed of October 4, 1922, Casal acted for the "Sucesion Valdes" and represented that those joining in the deed were all the owners of the property known as Carolina; and held that there was an obligation resting on him to obtain the consent of Dona Asuncion to the deed of the right of way, and that Bird Arias accepted the deed from Casal with the understanding that he would confirm the right of way as to the share of the property acquired of Dona Asuncion; and that Casal in refusing to sign the deed presented to him in February, 1928, and in conveying the property to Bird Arias, violated the obligation, and was liable for the ensuing damages to the plaintiff by reason of his failure to fulfill his obligation. Whereupon the court ordered Bird Arias to execute a public deed consenting to the inscription in the Registry of Property of the deed given October 4, 1922, constituting a right of way over the farm, Carolina, and that Casal pay as damages 6 per cent. interest on the sum withheld by the United Porto Rico Sugar Company from the purchase price of the plaintiff's sugar plantations and colonos.

█ A grantor under the Civil Code of Puerto Rico, who in a deed of land represents himself to be the owner, warrants the title, but such representation must be found in the deed. Veve y Diaz v. Sanchez, 226 U. S. 234, 242, 33 S. Ct. 36, 57 L. Ed. 201.

The deed in this instance states: "That Dona Carolina Cajas, widow of Valdes, Dona Josefa and Dona Carmen Valdes Cajas, Dona Ana Maria and Dona Maria, Dona Josefa Valdes y Tous, Dona Carolina, Dona Ana Maria, Don Jose and Don Ulpiano Casal Valdes, Dona Ulpiano Benet Valdes and the minor children Don Juan Francisco, Blanche, Jose Luis, William and Carmen Maria Benet Vilella, are undivided owners in common, and in the proportion that will be given hereafter, of the following farm," viz., the farm, Carolina.

█ In the schedule of their respective shares which immediately followed, the share of Dona Carmen was omitted, but, no doubt, inadvertently. The omission of her share in the schedule showing the proportion in which the respective shares were held does not, we think, affect the case or the title of the plaintiff. She joined in the deed as one of the grantors, signed the deed with the others, and took her share of the consideration paid. The amount of her fractional share is not in

dispute, and, if included in the schedule, the total fractional shares therein enumerated totaled $^{14}/_{14}$, or the entire property.

Section 604 (1911) of the Civil Code of Puerto Rico provides that in order to impose a servitude on an undivided tenement, the consent of all the part owners is required unless all the co-owners join. It is not to be presumed that the grantors in this instance did not intend to give an effective deed.

In view of the fact that the shares of the several grantors named above, if the share of Dona Carmen, who joined in the deed and was paid her share of the consideration, be included, totaled $^{14}/_{14}$, or the entire property; and as the evidence in the case clearly indicates, the Sucesion Valdes believed at the time of the conveyance that they were all the owners of the property described therein (as they were in fact, except as to the $^{1}/_{196}$ share owned by Dona Asuncion), and accepted compensation on the basis that they were owners of $^{14}/_{14}$ of the property, we think they intended to represent that they were all the owners of the farm, Carolina, and the language of the deed quoted above should be construed as if it read as follows: That the several grantors named are the undivided owners in common of the following farm, and in the proportion that will be given hereafter; and that they thereby jointly represented, and intended to represent, that they were all the owners of the property described.

Under Veve y Diaz v. Sanchez, supra, there was, therefore, we think, an obligation resting on Casal as well as on every other adult member of the "Sucesion Valdes," to make good the breach by reason of the omission of Dona Asuncion as one of the grantors. Casal undertook to do so. He acquired a deed of her outstanding interest for the purpose, as he now says, of confirming the right of way, but refused to sign the deed prepared by counsel for the plaintiff, and immediately conveyed the share acquired of Dona Asuncion to Bird Arias, upon the condition acknowledged by Bird Arias that the latter would confirm the right of way. Section 1224 (1911) of the Civil Code as well as equity requires a compliance with this condition. We think the decree of the District Court must be affirmed as to Bird Arias.

It is contended as to Casal, however, that, even if the warranty was joint, he is not liable for any loss of interest on the amount withheld, since it could not have been foreseen in October, 1922, that the plaintiff would in 1927 sell its property to the United Porto Rico Sugar Company, and a condition of the sale would be that the sugar company should receive a recordable deed and would withhold a part of the purchase price until the condition was complied with. Civil Code of Puerto Rico, § 1072 (1911); vol. 3, Williston on Contracts, §§ 1356, 1357; Globe Refining Co. v. Landa Cotton Oil Co., 190 U. S. 540, 543, 23 S. Ct. 754, 47 L. Ed. 1171.

The only ground relied upon in the plaintiff's bill of complaint is a breach of the representation in the deed of October 4, 1922, by reason of which the plaintiff was unable to record the deed. Casal, therefore, cannot be held liable in these proceedings for damages represented by the interest on the sum withheld from the purchase price by the United Porto Rico Sugar Company in 1927, since such special damages could not have been within the contemplation of the parties when the representation of ownership was made in October, 1922.

The decree of the District Court as to Bird Arias is affirmed, and the bill ordered dismissed as to all the other defendants, but without costs to either party.

BINGHAM, Circuit Judge, agrees to the result, but upon a different basis of reasoning.